Caruthers, J.,
delivered tbe opinion of tbe Court.
This is an action of replevin to recover sundry articles of merchandise, which were seized by tbe defendant as tbe property of Frank Hausman, against whose property, be, as an officer, bad an attachment, in favor of *593 Cowan & Dickinson. The plaintiff claimed the property as a purchaser from Hausman before the issuance of the attachment. The plaintiff recovered, and the case is here by appeal in error.
Plaintiff proved his title, as purchaser from Hausman, by the deposition of Julius Ochs, in which a detailed account of the trade is given. To impeach the credit of this witness, the defendant’s counsel proposed to prove by Jourolman, that on a trial before him, as a justice of the peace, on the attachment of Cowan & Dickinson, against Hausman, the witness, Ochs, on his examination as a witness, made statements in conflict with those contained in his deposition read in this case, to wit: he then said that the trade was made in the night, and now that it was made in, “good faith, and in open day,” and “ at the same time , made different statements as to the payments and manner of payment, from those in his deposition.” This wag not allowed by the Court, on the ground that the witness, Ochs, had not been interrogated as to these statements on the taking of his deposition. To this action of the Court, the defendant excepts,' and that is the only question in the case.
The general rule. is not disputed, that a witness cannot be impeached by proof that he has made statements out of Court, contrary to what he has testified at the trial, unless he has been first asked particularly as to the matter involved in the supposed contradiction, on cross-examination. This rule is laid down in 1 Grreenleaf, sec. 462, and note 1, and in 1 Phil, on Ev., 293, has been uniformly acted upon in this State, and most of the United States. The rule is based upon a *594 sense of justice to tbe witness, as bis veracity should not be impugned in tbis mode, until bis attention is called to tbe subject of tbe supposed contradictory statements, that be may bave an opportunity to recollect tbe facts, and correct tbe statements made, if be is convinced they are wrong, as well as to explain tbe nature, circumstances, meaning and design, of wbat may be proved to bave been elsewhere said.
Tbis case illustrates tbe propriety of tbe rule. The witness says tbe sale was made in good faith, and “ in open day.” Tbe variance alleged is, that be said before, that it took place in tbe . night. If tbis bad been brought to bis mind by cross-examination, be may bave explained, that be used tbe words “ open day,” in a figurative sense, meaning thereby that it was not done secretly, in tbe absence of witnesses. So of tbe supposed discrepancy as to bis account of tbe consideration and payments; be might bave given a satisfactory explanation as to that. At all events, whether be could bave done tbis or not, satisfactorily, tbe opportunity should bave been afforded him, or tbe proposed proof was illegal.
Tbe distinction attempted to be made in tbis case is, that the contradictory statements were made upon oath, in a judicial proceeding, and that tbe witness could not be called upon to contradict himself as to them, because be would, by so doing, subject himself to a charge of perjury. On that point, tbe law is declared by Chief Justice Abbott, giving tbe unanimous opinion of all the Judges, in tbe Queen’s case, cited in a note in 1 Greenleaf, to sec. 462, to be that, “ tbe possibility that tbe witness may decline to answer tbe *595 question-, affords no sufficient reason for not giving Mm the opportunity of answering, and offering sucb explanatory or exculpatory matter” as be may be able to do. It is very true that he is not bound to answer in such a case, and if he declines to do so, for the reason that his answer may tend to criminate himself, he cannot be compelled, but the adverse party may then prove the contradictory statements.
We can see no good reason, or sound authority, to except a case like the present from the operation of the general rule on the subject, as above explained.
His Honor, the Circuit Judge, was right in excluding the proposed proof; and there being no other error assigned, the judgment will be affirmed.